**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 24-6591**

─────────────

WILLIAM I. MARABLE, JR.,

        Petitioner - Appellant,

     v.

MECKLENBURG CIRCUIT COURT; VIRGINIA DEPARTMENT OF CORRECTIONS,

        Respondents - Appellees.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Michael Stefan Nachmanoff, District Judge.  (1:23-cv-00249-MSN-WEF)

─────────────

Submitted:  October 22, 2024               Decided:  October 25, 2024

─────────────

Before KING and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

─────────────

Dismissed by unpublished per curiam opinion.

─────────────

William I. Marable, Jr., Appellant Pro Se.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William I. Marable, Jr., seeks to appeal the district court's order dismissing without prejudice his 28 U.S.C. § 2254 petition for failure to comply with a court order. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). A judgment is entered for purposes of Rule 4(a) when it is entered in the civil docket and set forth on a separate document, or when 150 days have run from entry of the judgment in the civil docket. Fed. R. App. P. 4(a)(7)(A)(ii); *see* Fed. R. Civ. P. 58(a). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

Here, the district court's order was entered on the civil docket on September 28, 2023, but it was not accompanied by a separate document. Marable therefore had until March 26, 2024—180 days from entry of the court's order on the docket—to note an appeal. *See* Fed. R. App. P. 4(a)(1)(A), (7)(A)(ii). Marable filed the notice of appeal on May 30, 2024.[*] Because Marable failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal for lack of jurisdiction.

---

[*] For the purpose of this appeal, we assume that the postmark date appearing on the envelope containing the notice of appeal is the earliest date Marable could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*